

INSTITUTE FOR JUSTICE

May 14, 2025

<u>Via CM/ECF</u>

U.S. Court of Appeals for the Eleventh Circuit
c/o David J. Smith, Clerk of Court
Office of the Clerk
56 Forsyth St., N.W.
Atlanta, GA 30303

Re:   *UPSIDE Foods Inc. v. Wilton Simpson, et al,* No. 24-13640-C
      Response to Appellees' May 8, 2025, Rule 28(j) Letter

Dear Mr. Smith:

    This letter responds to Defendant-Appellees' letter directing this Court to the recent decision of the district court granting in part and denying in part their motion to dismiss UPSIDE's amended complaint. According to the government, the district court's order "underscores the moot nature of the issues UPSIDE raises in this appeal."

    That is wrong. This appeal presents a live controversy for the simple reason that the district court dismissed fewer than all of the claims in this case—UPSIDE's claim under the Dormant Commerce Clause is proceeding below. Federal Rule of Civil Procedure 54(b) expressly provides that "any order . . . that adjudicates fewer than all the claims . . . of fewer than all the parties *does not end the action as to any of the claims.*" (emphasis added.) Because the case remains live below, this Court has the power to determine whether the district court erred in denying UPSIDE's motion for preliminary injunction and remand so that interim relief may be entered while the case proceeds to final judgment.

    Such rulings are not uncommon. In *Arc of California v. Douglas*, for example, the Ninth Circuit reversed a denial of a preliminary injunction on claims that had separately been dismissed. *See* 757 F.3d 975

U.S. Court of Appeals for the Ninth Circuit
Molly Dwyer, Clerk of Court
May 14, 2025

(9th Cir. 2014). Indeed, the only question in that case was not whether the appeal was moot but whether the Ninth Circuit should also exercise pendant appellate jurisdiction over the dismissed claims. *Id.* at 992–94.

    If anything, the district court's order dismissing UPSIDE's preemption claims under Federal Rule of Civil Procedure 12(b)(6) emphasizes the purely legal nature of this appeal. This Court is perfectly capable of evaluating the preemptive scope of the Poultry Product Inspection Act, and a ruling that it likely prohibits Florida's ban on cultivated poultry would have immediately real-world implications for UPSIDE's business and for the case below. That is the essence of a live controversy.

                                          Sincerely,

                                          /s/ Paul M. Sherman
                                          Paul M. Sherman

                                          *Counsel for Plaintiff-Appellant*
                                          *UPSIDE Foods, Inc.*

cc: Defendant-Appellees' Counsel (via CM/ECF)