No. 24-13640-C

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

UPSIDE FOODS, INC.,
*Plaintiff-Appellant,*

v.

COMMISSIONER OF THE FLORIDA DEPARTMENT OF AGRICULTURE AND CONSUMER
SERVICES WILTON SIMPSON, et al.,
*Defendants-Appellees.*

On Appeal from the United States District Court
for the Northern District of Florida, No.: 4:24-cv-00316-MW-MAF

**SUPPLEMENTAL BRIEF OF COMMISSIONER OF THE FLORIDA DEPARTMENT OF
AGRICULTURE AND CONSUMER SERVICES WILTON SIMPSON**

Sean T. Garner (FBN 26096)
**FLORIDA DEPARTMENT OF
AGRICULTURE & CONSUMER
SERVICES**
400 South Monroe Street,
PL-10
Tallahassee, FL 32399
(850) 528-9011
Sean.Garner@fdacs.gov

Ricky L. Polston (FBN 648906)
Daniel E. Nordby (FBN 14588)
**SHUTTS & BOWEN LLP**
215 S. Monroe St., Ste. 804
Tallahassee, FL 32301
Tel. (850) 241-1717
RPolston@shutts.com
DNordby@shutts.com

*Counsel for Commissioner Wilton Simpson*

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1, the undersigned counsel certifies that the Certificate of Interested Persons contained in the first brief is complete.

*/s/ Daniel Nordby*

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS ...................................................... C-1

TABLE OF AUTHORITIES ........................................................................................ II

INTRODUCTION AND PROCEDURAL HISTORY ............................................. 4

ARGUMENT .................................................................................................................. 5

I.     UPSIDE'S APPEAL WAS MOOT AFTER UPSIDE FILED AN AMENDED COMPLAINT ..................................................................................... 5

II.    THE DISTRICT COURT'S DISMISSAL OF UPSIDE'S PREEMPTION CLAIMS IS ANOTHER REASON UPSIDE'S APPEAL IS MOOT ........................................................................................ 6

    A.    A reversal of the district court's denial of preliminary injunction will not provide relief on claims that are no longer pending .......................... 6

    B.    The district court could not enter an order granting the preliminary injunction if this Court reversed because UPSIDE's § 1983 preemption claims were subsequently amended and then dismissed ...................................................................................................... 11

    C.    UPSIDE will have an opportunity to raise its preemption arguments on appeal after final judgment is entered .............................. 12

CONCLUSION ............................................................................................................ 13

CERTIFICATE OF COMPLIANCE ........................................................................ 14

CERTIFICATE OF SERVICE ................................................................................... 14

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alabama v. U.S. Army Corps of Eng'rs,*
    424 F.3d 1117 (11th Cir. 2005) ................................................................ 11

*Arc of Cal. v. Douglas,*
    757 F.3d 975 (9th Cir. 2014) ................................................................ 5-8

*Baker v. Bray,*
    701 F.2d 119 (10th Cir. 1983) ................................................................ 9-10

*BankWest, Inc. v. Baker,*
    446 F.3d 1358 (11th Cir. 2006) ................................................................ 9

*Barfield v. Brierton,*
    883 F.2d 923 (11th Cir.1989) ................................................................ 12

*Burton v. State of Georgia,*
    953 F.2d 1266 (11th Cir. 1992) ................................................................ 12

*Callaway v. Block,*
    763 F.2d 1283 (11th Cir. 1985) ................................................................ 10

*Does 1-11 v. Bd. of Regents of Univ. of Colo.,*
    100 F.4th 1251 (10th Cir. 2024) ................................................................ 9

*Harper ex rel. Harper v. Poway Unified Sch. Dist.,*
    549 U.S. 1262 (2007) ................................................................ 5

*Heron Dev. Corp. v. Vacation Tours Inc.,*
    763 F. App'x 875 (11th Cir. 2019) ................................................................ 6

*Hunt v. Aimco Props., L.P.,*
    814 F.3d 1213 (11th Cir. 2016) ................................................................ 6

*In re MDL-1824 Tri-State Water Rts. Litig.,*
    644 F.3d 1160 (11th Cir. 2011) ................................................................ 7

*King v. Cessna Aircraft Co.,*
    562 F.3d 1374 (11th Cir. 2009) ................................................................ 6-7

*Kong v. Allied Pro. Ins. Co.*,
   750 F.3d 1295 (11th Cir. 2014) ................................................................. 12

*Noble Prestige Ltd. v. Galle*,
   83 F.4th 1366 (11th Cir. 2023) ................................................................. 8

*Suntrust Bank v. Houghton Mifflin Co.*,
   268 F.3d 1257 (11th Cir. 2001) ................................................................. 11

*Wellington v. Daza*,
   795 F. App'x 605 (10th Cir. 2020) ................................................................. 9

**Rules**

Fed. R. Civ. P. 54(b) ................................................................. 10

**Statutes**

42 U.S.C. § 1983 ................................................................. 4, 6, 8, 11-12

## INTRODUCTION AND PROCEDURAL HISTORY

On August 12, 2024, UPSIDE filed suit challenging Senate Bill 1084 ("SB 1084"). The Complaint alleged that SB 1084 is preempted by the facilities and ingredients clauses of the Poultry Products Inspection Act ("PPIA") under 42 U.S.C. § 1983, and that it violates the dormant Commerce Clause. Doc. 1. Shortly thereafter, UPSIDE sought a preliminary injunction based solely on its two PPIA preemption claims. Doc. 11; *see also* Doc. 40 at 2. The district court denied the preliminary injunction on October 11, 2024, Doc. 40 at 2, assuming without deciding that UPSIDE had a private right of action to enforce the PPIA pursuant to § 1983, *id.* at 13, but reasoning that UPSIDE failed to establish a substantial likelihood of success on the merits of its two § 1983 preemption claims, *id.* at 21. On November 1, 2024, UPSIDE filed an amended complaint that included a series of new allegations and asserted a total of four federal preemption claims under the facilities and ingredients clauses of the PPIA: two under § 1983 and two based in equity. Doc. 44.

On November 5, 2024, four days after amending its complaint in the district court, UPSIDE appealed the order denying its motion for preliminary injunction based on its initial complaint. Doc. 46. Nearly six months later, during the pendency of this appeal, the district court granted in part and denied in part Defendant-Appellees' motions to dismiss UPSIDE's amended complaint. Doc. 85. The district court determined that the PPIA did not create privately enforceable rights under § 1983, *id.* at 8-12, and that UPSIDE could not pursue preemption claims in equity, *id.* at 12-14.

4

Accordingly, the district court dismissed all four of UPSIDE's new preemption claims, *id.* at 28-29. Only UPSIDE's dormant Commerce Clause claim remains pending before the district court.

On October 8, 2025, this Court ordered the parties to file supplemental briefs addressing this question:

> Did UPSIDE's appeal of the order denying its request for a preliminary injunction become moot after the district court entered an order dismissing all of UPSIDE's preemption claims? *Cf. Harper ex rel. Harper v. Poway Unified Sch. Dist.*, 549 U.S. 1262 (2007) (mem.); *Arc of California v. Douglas*, 757 F.3d 975 (9th Cir. 2014).

## **ARGUMENT**

## I. **UPSIDE's appeal was moot after UPSIDE filed an amended complaint.**

As a preliminary matter, UPSIDE's appeal of the district court's order denying a preliminary injunction became moot after UPSIDE amended its complaint and the preemption claims on which it had sought preliminary injunctive relief. *See* Commissioner's Answer Br. 15-16. Therefore, this Court need not answer the question as to whether UPSIDE's appeal of the denial of its request for a preliminary injunction became moot after the district court dismissed UPSIDE's preemption claims, because the appeal was moot four days before this appeal even began—as soon as UPSIDE amended its initial complaint.

5

**II.    The district court's dismissal of UPSIDE's preemption claims is another reason UPSIDE's appeal is moot.**

**A.    A reversal of the district court's denial of preliminary injunction will not provide relief on claims that are no longer pending.**

During the pendency of this interlocutory appeal, the district court dismissed the § 1983 and equity-based preemption claims in UPSIDE's amended complaint for failure to state a claim upon which relief can be granted. Doc. 85 at 28-29. Therefore, UPSIDE cannot receive preliminary injunctive relief because its § 1983 preemption claims are no longer pending. *Cf. Heron Dev. Corp. v. Vacation Tours Inc.*, 763 F. App'x 875, 877 (11th Cir. 2019) ("A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." (quoting *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1220 (11th Cir. 2016))). And setting aside the fact that the preliminary injunction at issue in this appeal was based upon the two § 1983 preemption claims in UPSIDE's initial complaint—not the § 1983 and equity-based preemption claims in UPSIDE's amended complaint—the district court's order dismissing the § 1983 and equity-based preemption claims in UPSIDE's amended complaint is not before this Court.

In some instances, like in *Arc of California v. Douglas*, 757 F.3d 975 (9th Cir. 2014), an appellate court reviewing an order denying a motion for preliminary injunction on interlocutory appeal may exercise pendent appellate jurisdiction to consider a related order of dismissal; however, the "rare circumstances" warranting the Court's exercise of its discretionary pendent appellate jurisdiction are not present here. *King v. Cessna*

*Aircraft Co.*, 562 F.3d 1374, 1379 (11th Cir. 2009) ("Pendent appellate jurisdiction is present when a nonappealable decision is *inextricably intertwined* with the appealable decision or when review of the former decision [is] *necessary* to ensure meaningful review of the latter." (emphasis added; internal quotation marks and citations omitted)); *In re MDL-1824 Tri-State Water Rts. Litig.*, 644 F.3d 1160, 1179 (11th Cir. 2011) (holding that when determining whether to exercise pendent appellate jurisdiction, "the critical inquiry is whether the appealable issue can be resolved without reaching the merits of the nonappealable issues" (citation omitted)).

In *Arc of California*, the plaintiff Arc challenged a California law under the Medicaid Act, the Americans with Disabilities Act, the federal Rehabilitation Act, and California's Lanterman Developmental Disabilities Services Act. *Id.* at 979. The district court denied Arc's motion for preliminary injunction seeking to prevent enforcement of the challenged law and simultaneously issued an order dismissing Arc's Medicaid Claims, "reasoning that those claims [were] meritless and that Arc had not demonstrated a likelihood of irreparable harm." *Id.* Arc appealed both the order denying the motion for preliminary injunction and the order dismissing Arc's Medicaid Act claims. *Id.* at 992. On interlocutory appeal, the Ninth Circuit asserted pendent appellate jurisdiction over the dismissal of Arc's Medicaid Act claims, "which relied on exactly the same reasoning" as the order denying Arc's motion for preliminary injunction, held that the district court abused its discretion in denying Arc's motion for preliminary

injunction, and reversed both the order denying the motion for preliminary injunction and the order of dismissal. *Id.* at 979.

Here, unlike *Arc of California*, the order denying UPSIDE's motion for preliminary injunction and the order granting in part Defendant-Appellees' motions to dismiss were issued months apart, involved different claims, and relied upon different and distinct reasoning. The order denying UPSIDE's motion for preliminary injunction (based upon the initial complaint) assumed without deciding that UPSIDE had a private right of action to enforce the PPIA. Doc. 40 at 13. The order dismissing UPSIDE's preemption claims (based upon the amended complaint) expressly found that the PPIA did not create privately enforceable rights under § 1983. Doc. 85 at 12-14. The district court's dismissal order also analyzed two additional equity-based preemption claims in UPSIDE's amended complaint that did not exist at the time the district court denied UPSIDE's preliminary injunction motion.

The doctrine of pendent appellate jurisdiction at issue in *Arc of California* does not apply here because it is not *necessary* for this Court to rule upon the merits of the district court's order dismissing UPSIDE's amended § 1983 and equity-based preemption claims to decide whether the district court abused its discretion in denying UPSIDE's motion for a preliminary injunction. *Noble Prestige Ltd. v. Galle*, 83 F.4th 1366, 1376 (11th Cir. 2023) (holding that pendent appellate jurisdiction did not apply where the court "need not resolve the jurisdictional question to resolve the issues raised about the lawfulness of the district court's preliminary injunction" (citations omitted)).

8

Indeed, pendent appellate jurisdiction is particularly inappropriate here, where the district court's dismissal order addresses claims upon which UPSIDE's motion for preliminary injunction was not based.

If this Court were to conclude that the district court abused its discretion and that UPSIDE was entitled to a preliminary injunction, that order would amount to an advisory opinion, as UPSIDE's preemption claims have been dismissed and are no longer pending in the district court. *See BankWest, Inc. v. Baker*, 446 F.3d 1358, 1368 (11th Cir. 2006) ("If we were to rule on those legal issues, which are no longer presented, we would be overstepping our judicial authority by rendering an impermissible advisory opinion about a non-existing set of facts." (internal quotation marks and citation omitted)).

To be sure, some courts have held that a final judgment must be entered before an interlocutory appeal of a preliminary injunction order becomes moot. *See, e.g., Does 1-11 v. Bd. of Regents of Univ. of Colo.*, 100 F.4th 1251, 1264 & n.6 (10th Cir. 2024) (holding the appeal of a preliminary injunction was not moot, even though the district court had dismissed that appellant from the underlying case, because the district court had not entered final judgment as to that appellant); *accord Wellington v. Daza*, 795 F. App'x 605, 608 (10th Cir. 2020). But a prior panel of that same court reached the opposite conclusion. In *Baker v. Bray*, 701 F.2d 119 (10th Cir. 1983), during the pendency of an appeal of a preliminary injunction order, the third-party defendant's counterclaims were dismissed by the district court. *Id.* at 122. Even though final judgment had not yet been

9

entered on those claims, the appellate court dismissed the interlocutory appeal as moot because of the dismissal order. *Id.* This Court should do the same.

Although the district court's order dismissing UPSIDE's preemption claims "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities," Fed. R. Civ. P. 54(b), the likelihood of this occurring would be highly speculative; this Court has no reason to believe the district court will reverse its own decision. In the interests of judicial economy, this Court should decline any invitation to speculate at this stage of the proceedings and should instead dismiss this interlocutory appeal as moot based on the district court's order dismissing UPSIDE's preemption claims.[1] *See Callaway v. Block*, 763 F.2d 1283, 1287 n.6 (11th Cir. 1985) ("As a general rule, when an appeal is taken from the grant or denial of a preliminary injunction, the reviewing court will go no further into the merits than is necessary to decide the interlocutory appeal." (citations omitted)). This Court need not reach the merits of the district court's dismissal order to resolve this appeal, and the matters the Court would need to decide between the two separate orders are not closely enough related. *See id.*

---

[1] Or, as discussed in Section I above, because the appeal was moot after UPSIDE amended its complaint and the claims on which it had moved for a preliminary injunction. *See* Commissioner's Answer Br. 15-16.

**B.    The district court could not enter an order granting the preliminary injunction if this Court reversed because UPSIDE's § 1983 preemption claims were subsequently amended and then dismissed.**

Even if this Court were to find that the district court abused its discretion by denying UPSIDE's motion for a preliminary injunction and vacated the order on appeal, the district court on remand could not enter an order granting UPSIDE's motion for preliminary injunction. After denying UPSIDE's motion for failure to establish a substantial likelihood of success on the merits of the preemption claims in its initial complaint, Doc. 40 at 13, UPSIDE subsequently amended its initial complaint, Doc. 44, and the district court dismissed UPSIDE's amended preemption claims, concluding that the PPIA did not create privately enforceable rights under § 1983, Doc. 85 at 8-12 (as well as ruling that UPSIDE could not bring preemption claims based in equity, *id.* at 12-14). Even assuming UPSIDE's § 1983 preemption claims in the amended complaint could serve as grounds for UPSIDE's motion for a preliminary injunction, which they cannot, those claims were dismissed.

"The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001) (citation and internal quotation marks omitted). But since the district court already dismissed UPSIDE's § 1983 and equity-based preemption claims, there are no applicable § 1983 claims upon which the district court could enter a preliminary injunction. *See Alabama v. U.S. Army*

11

*Corps of Eng'rs*, 424 F.3d 1117, 1127 (11th Cir. 2005) ("[A]ny motion or suit for either a preliminary or permanent injunction must be based upon a cause of action, such as a constitutional violation, a trespass, or a nuisance. . . . For a traditional injunction to be even theoretically available, a plaintiff must be able to articulate a basis for relief that would withstand scrutiny under Fed.R.Civ.P. 12(b)(6) (failure to state a claim)." (internal quotation marks and citation omitted)). The dismissal of UPSIDE's § 1983 preemption claims means the district court would lack the necessary predicate for granting preliminary injunctive relief.

### C.     UPSIDE will have an opportunity to raise its preemption arguments on appeal after final judgment is entered.

UPSIDE can still raise its preemption arguments on appeal, just not yet. "[T]he appeal from a final judgment draws in question all prior non-final orders and rulings that produced the judgment." *Kong v. Allied Pro. Ins. Co.*, 750 F.3d 1295, 1301 (11th Cir. 2014) (quoting *Barfield v. Brierton,* 883 F.2d 923, 930 (11th Cir. 1989)). Thus, after the district court enters final judgment in the case below, UPSIDE can appeal that judgment, including the injunction order. *See Burton v. State of Georgia*, 953 F.2d 1266, 1272 n.9 (11th Cir. 1992) ("[O]nce a final judgment is rendered, the appeal is properly taken from the final judgment, not the preliminary injunction." (citation omitted)).

UPSIDE may argue that it will be harmed if it cannot receive relief from this Court now, in this interlocutory appeal. This argument ignores how the circumstances of this appeal have been overcome by two subsequent events in the district court:

UPSIDE's filing of an amended complaint revising the preemption claims on which it based its motion for preliminary injunction; and the district court's order dismissing those amended preemption claims. Those intervening events make it unnecessary, and arguably improper, for this Court to devote its limited resources to resolving complex legal questions on an interlocutory basis that could more appropriately be addressed at the conclusion of the proceedings in the district court. Ultimately, UPSIDE will have a full and fair opportunity to present any challenges to the district court's rulings after final judgment is entered below.

## CONCLUSION

This Court should dismiss UPSIDE's appeal as moot.

Respectfully submitted,

Sean T. Garner (FBN 26096)
**FLORIDA DEPARTMENT OF AGRICULTURE & CONSUMER SERVICES**
400 South Monroe Street, PL-10
Tallahassee, FL 32399
(850) 528-9011
Sean.Garner@fdacs.gov

*/s/ Daniel Nordby*
Ricky L. Polston (FBN 648906)
Daniel E. Nordby (FBN 14588)
**SHUTTS & BOWEN LLP**
215 South Monroe Street, Suite 804
Tallahassee, Florida 32301
(850) 241-1717
RPolston@shutts.com
DNordby@shutts.com

*Counsel for Commissioner Wilton Simpson*

13

## **CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitations set forth in this Court's October 8, 2025 Order. This brief contains 2,395 words, excluding the parts of the brief exempted by Eleventh Circuit Rule 32-4.

This brief complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 32(a)(5) and Federal Rule of Appellate Procedure 32(a)(6) because this brief was prepared in a proportionally spaced typeface using Microsoft Word in 14-point Garamond font.

*/s/ Daniel Nordby*

## **CERTIFICATE OF SERVICE**

I certify that on October 17, 2025, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will automatically serve a copy to all counsel of record.

*/s/ Daniel Nordby*