No. 24-13640

# In the United States Court of Appeals for the Eleventh Circuit

UPSIDE FOODS, INC.,

*Plaintiff-Appellant,*

v.

COMMISSIONER OF THE FLORIDA DEPARTMENT OF AGRICULTURE AND CONSUMER SERVICES WILTON SIMPSON, et al.,

*Defendant-Appellees.*

**STATE ATTORNEYS' SUPPLEMENTAL BRIEF**

On Appeal from the United States District Court
for the Northern District of Florida
Case 4:24-cv-00316-MW-MAF

October 17, 2025

JAMES UTHMEIER
　*Attorney General of Florida*

JEFFREY PAUL DESOUSA
　*Acting Solicitor General*
JASON J. MUEHLHOFF
　*Chief Deputy Solicitor General*
Office of the Attorney General
PL-01, The Capitol
Tallahassee, FL 32399
(850) 414-3300
jason.muehlhoff@myfloridalegal.com

*Counsel for the State Attorneys*

*UPSIDE Foods v. Simpson*, No. 24-13640

# CERTIFICATE OF INTERESTED PERSONS

Defendant-Appellees, the State Attorneys, certify that, to the best of their knowledge, the following is a complete list of interested persons:

1. Bain, Andrew
2. Bargil, Ari
3. Bartlett, Bruce
4. Campbell, Jack
5. DeSousa, Jeffrey P.
6. Florida Office of the Attorney General
7. Florida Department of Agriculture and Consumer Services
8. Garner, Sean
9. Gedge, Samuel
10. Harle, Denise
11. Muehlhoff, Jason
12. Nordby, Daniel
13. Polston, Ricky
14. Reardon, Kassandra
15. Rundle, Katherine Fernandez
16. Sen, Suranjan

C-1

17. Sherman, Paul

18. Simpson, Wilton

19. UPSIDE Foods, Inc.

20. Uthmeier, James

21. Walker, Mark E.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii  
INTRODUCTION ................................................................................................ 1  
ARGUMENT ....................................................................................................... 2  
CONCLUSION .................................................................................................... 8  
CERTIFICATE OF COMPLIANCE ................................................................. 10  
CERTIFICATE OF SERVICE ........................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arc of California v. Douglas*,
   757 F.3d 975 (9th Cir. 2014) .............................................................. 7, 8

*Baker v. Bray*,
   701 F.2d 119 (10th Cir. 1983) .............................................................. 4, 6

*Brown v. Yost*,
   122 F.4th 597 (6th Cir. 2024) .............................................................. 7, 8

*Burton v. Georgia*,
   953 F.2d 1266 (11th Cir. 1992) .................................................................. 6

*Canal Auth. v. Callaway*,
   489 F.2d 567 (5th Cir. 1974) ..................................................................... 4

*Djadju v. Vega*,
   32 F.4th 1102 (11th Cir. 2022) .................................................................. 5

*Does 1-11 v. Bd. of Regents of Univ. of Colo.*,
   100 F.4th 1251 (10th Cir. 2024) ................................................................ 4

*Gagliardi v. TJCV Land Tr.*,
   889 F.3d 728 (11th Cir. 2018) .................................................................... 2

*Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*,
   527 U.S. 308 (1999) ............................................................................. 2, 6

*Harper ex rel. Harper v. Poway Unified Sch. Dist.*,
   549 U.S. 1262 (2007) ................................................................................ 6

*Lackey v. Stinnie*,
   604 U.S. 192 (2025) ............................................................................. 3, 5

*Univ. of Tex. v. Camenisch*,
   451 U.S. 390 (1981) ............................................................................. 4, 7

## INTRODUCTION

This appeal is moot twice over. UPSIDE first mooted the district court's denial of its preliminary injunction motion when it amended its complaint, rendering inoperative the complaint on which its preliminary-injunction motion was based. *See* State Attorneys' Ans. Br. at 29–32. This appeal then became moot *again* because the district court dismissed UPSIDE's preemption claims on the merits—the only claims on which UPSIDE sought preliminary relief. The court held that UPSIDE lacks a cause of action to enforce the Poultry Product Inspection Act's (PPIA) preemption provisions and that the PPIA does not preempt SB 1084 in any event. *See* Appellees' Rule 28(j) Letter. That merits ruling is not at issue here, so UPSIDE's appeal of the preliminary-injunction ruling can have no legal effect.

A preliminary-injunction appeal becomes moot once the district court adjudicates the merits of the underlying claims because the resolution of the merits subsumes any preliminary rulings. That is what happened with UPSIDE's preemption claims here. It makes no difference that the court has not yet entered final judgment because UPSIDE's Dormant Commerce Clause claim, which is unrelated to this

preliminary-injunction litigation, remains pending. The point of a preliminary injunction is to give the court time to address the merits of a claim without the risk of irreparable harm. But the district court has already resolved the merits of UPSIDE's preemption claims. Simply put, it is impossible to grant a preliminary injunction pending the resolution of claims that have already been resolved.

## ARGUMENT

Article III of the Constitution requires that "that a justiciable case or controversy [be] present at all stages of review." *Gagliardi v. TJCV Land Tr.*, 889 F.3d 728, 733 (11th Cir. 2018). Thus, an appeal "becomes moot when an intervening circumstance" makes it so the appellate court "can no longer offer any effective relief" to the appellant. *Id.* In a preliminary-injunction appeal, an appellate court can no longer provide effective relief once the district court rules on merits of the underlying claims because the merits ruling subsumes the preliminary-injunction ruling. *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 317 (1999).

This appeal was already moot because UPSIDE amended its complaint after the district court denied preliminary injunctive relief. *See*

2

State Attorneys' Ans. Br. at 29–32. But even if UPSIDE could somehow appeal the denial of a preliminary-injunction motion based on an inoperative complaint, the district court's subsequent dismissal of UPSIDE's preemption claims—the only claims on which UPSIDE sought preliminary injunctive relief—would render this appeal moot. UPSIDE cannot obtain preliminary relief for claims that are no longer part of the case.

Preliminary injunctions exist "to preserve the relative positions of the parties until a trial on the merits can be held." *Lackey v. Stinnie*, 604 U.S. 192, 200 (2025). But here, the district court has decided the merits of UPSIDE's preemption claims. It held that UPSIDE lacks a cause of action to enforce the PPIA's preemption provisions and that the PPIA does not preempt SB 1084 in any event. DE85 at 8–20. In fact, the court was clear that "[t]his case shall proceed on [the Dormant Commerce Clause claim] only." DE85 at 29. As a matter of common sense, UPSIDE cannot obtain preliminary relief on its preemption claims designed to last only until a court can assess those claims on the merits when the court has already done so. *See Baker v. Bray*, 701 F.2d 119, 122 (10th Cir. 1983) (district court's dismissal of "the claim upon which the request for a

3

preliminary injunction was based . . . certainly mooted" the preliminary-injunction appeal).[1] It would make no sense to require the district court to enter a preliminary injunction to "preserve [its] ability to render a meaningful decision on the merits" when it already has rendered a meaningful decision on the merits. *Canal Auth. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974).

To illustrate the point, consider how UPSIDE's appeal would play out. Even if UPSIDE convinced this Court to reverse the denial of its preliminary-injunction motion, that would not affect the district court's dismissal of UPSIDE's preemption claims. That is because UPSIDE's appeal asks only whether it has a "likelihood of success" on its preemption claims, not actual "success." *Lackey*, 604 U.S. at 201. A

---

[1] A later Tenth Circuit panel has held that dismissal moots a pending preliminary-injunction appeal only if the district court entered final judgment. *See Does 1-11 v. Bd. of Regents of Univ. of Colo.*, 100 F.4th 1251, 1264 n.6 (10th Cir. 2024). But not only is that inconsistent with the prior panel precedent in *Baker*, it ignores that a preliminary-injunction appeal can become moot even if "the case as a whole remains alive because other issues have not become moot." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 394 (1981). Any question of preliminary relief necessarily becomes irrelevant once the district court has ruled on the merits of a claim. The *Does* panel's conclusion to the contrary appears to rest on the purely speculative possibility that a district court could reconsider its merits ruling before final judgment.

reversal of the district court's denial of a preliminary injunction thus could not be "improperly equat[ed]" with a reversal of the district court's "decision[] on the underlying merits." *Id.* So even if this Court reversed the denial of UPSIDE's motion for a preliminary injunction on its preemption claims, those claims *would remain dismissed*. The preliminary injunction, based on claims already rejected on the merits, would have no possibility of being converted into a permanent injunction.[2] The district court would proceed to adjudicate the unrelated Dormant Commerce Clause claim, and then any preliminary injunction on the preemption claims would necessarily dissolve. Not only does entering a preliminary injunction on a dismissed claim defy logic, it also defeats the point of a preliminary injunction.

That principle is reflected in the countless cases that hold that preliminary-injunction appeals become moot when the district court resolves the underlying merits. *See, e.g.*, *Harper ex rel. Harper v. Poway Unified Sch. Dist.*, 549 U.S. 1262 (2007); *Burton v. Georgia*, 953 F.2d

---

[2] To the extent UPSIDE hopes a favorable ruling on its preliminary-injunction appeal might prompt the district court to reconsider its dismissal of the preemption claims, that purely speculative "possibility" is "not enough to overcome mootness." *Djadju v. Vega*, 32 F.4th 1102, 1109 (11th Cir. 2022).

1266, 1272 n.9 (11th Cir. 1992). Those cases often arise when the district has entered a final judgment resolving the merits of all claims in the case, but the principle is equally relevant here. The "principle which underlies" those cases is that the district court's resolution of "the merits claim" subsumes the question of "the propriety of . . . the preliminary injunction" premised on the same "substantive issue." *Grupo Mexicano*, 527 U.S. at 317. Thus, dismissal of "the claim upon which the request for a preliminary injunction was based . . . certainly moot[s]" a preliminary-injunction appeal. *Baker*, 701 F.2d at 122. UPSIDE cannot dispute that the district court's dismissal of its preemption claims was a resolution of the merits of those claims. The only reason it is not a final judgment is because there remains an independent Dormant Commerce claim unrelated to the preliminary injunction. UPSIDE's grievances with the district court's analysis of its preemption claims are properly considered in an appeal of the district court's merits decision, not its preliminary-injunction decision.

UPSIDE's position appears to be that as long as the entire case has not been fully resolved by the district court, any preliminary-injunction appeal cannot possibly be moot. But that conflates "mootness as to a

6

preliminary-injunction appeal and mootness as to the case as a whole." *Brown v. Yost*, 122 F.4th 597, 601 (6th Cir. 2024). "[A] preliminary injunction may become moot on appeal even as the underlying controversy . . . remain[s] live." *Id.* UPSIDE cannot save its preliminary-injunction appeal involving only its preemption claims simply because its live Dormant Commerce Clause claim prevents the district court from entering final judgment. This "is simply another instance in which one issue in a case has become moot, but the case as a whole remains alive because other issues have not become moot." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 394 (1981). Such circumstances do not save the preliminary-injunction appeal from mootness; the case must return to the district court "for consideration of the remaining issues." *Id.*

The Ninth Circuit's decision in *Arc of California v. Douglas*, 757 F.3d 975 (9th Cir. 2014), only proves the point. There, the plaintiffs appealed *both* the denial of their preliminary injunction motion *and* the dismissal of the claims underlying it. *Id.* at 992. The Ninth Circuit concluded that it had pendent appellate jurisdiction to review the dismissal of the claims underlying the preliminary-injunction motion in conjunction with the preliminary-injunction appeal. *Id.* at 992–94. The

7

district court's dismissal did not render the preliminary-injunction appeal moot because the dismissal was itself under review in the same appeal. But here, the dismissal of UPSIDE's preemption claims is not at issue in this appeal. So unlike the claims in *Arc of California*, UPSIDE's preemption claims will remain dismissed no matter how this appeal is resolved.

* * *

UPSIDE "is the master of [its] request[] for . . . a preliminary injunction." *Brown*, 122 F.4th at 601. It chose to limit its motion for preliminary relief to its preemption claims. Because those claims have since been dismissed on the merits, its request for a preliminary injunction based on those claims is moot.

## CONCLUSION

The Court should dismiss the appeal as moot.

Dated: October 17, 2025    Respectfully submitted,

                                               JAMES UTHMEIER
                                                  *Attorney General of Florida*

                                               */s/ Jason J. Muehlhoff*
                                               JEFFREY PAUL DESOUSA
                                                  *Acting Solicitor General*
                                               JASON J. MUEHLHOFF
                                                 *Chief Deputy Solicitor General*

                                               Office of the Attorney General
                                               PL-01, The Capitol
                                               Tallahassee, FL 32399
                                               (850) 414-3300
                                               jason.muehlhoff@myfloridalegal.com

                                               *Counsel for the State Attorneys*

# CERTIFICATE OF COMPLIANCE

1. This document complies with this Court's order for supplemental briefing because, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f), it contains 1,598 words.

2. This document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 27, Federal Rule of Appellate Procedure 32(a)(5), and Federal Rule of Appellate Procedure 32(a)(6), because this document has been prepared in a proportionally spaced typeface in 14-point Century Schoolbook font using Microsoft Word.

*/s/ Jason J. Muehlhoff*
Chief Deputy Solicitor General

## CERTIFICATE OF SERVICE

I certify that on October 17, 2025, I electronically filed this supplemental brief with the Clerk of Court using the Court's CM/ECF system, which will send a notice of docketing activity to all parties who are registered through CM/ECF.

*/s/ Jason J. Muehlhoff*
Chief Deputy Solicitor General