## 24-13640-C

# 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

*for the*

# 𝔈𝔩𝔢𝔳𝔢𝔫𝔱𝔥 ℭ𝔦𝔯𝔠𝔲𝔦𝔱

———————

UPSIDE FOODS, INC.,

*Plaintiff/Appellant,*

— v. —

COMMISSIONER OF THE FLORIDA DEPARTMENT OF AGRICULTURE
AND CONSUMER SERVICES WILTON SIMPSON, *et. al.*,

*Defendants/Appellees.*

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
CASE NO: 4:24-cv-00316-MW-MAF
(Hon. Mark E. Walker)

## SUPPLEMENTAL BRIEF OF APPELLANT

Paul M. Sherman (VA 73410) †
Suranjan Sen (TN 038830)
Samuel B. Gedge (VA 80387)
INSTITUTE FOR JUSTICE
901 North Glebe Road, Suite 900
Arlington, Virginia  22203
(703) 682-9320 (Telephone)
(703) 682-9321 (Facsimile)
psherman@ij.org
ssen@ij.org
sgedge@ij.org

† *Lead Counsel*
*Counsel for Plaintiff/Appellant*

Ari Bargil (FL 71454)
INSTITUTE FOR JUSTICE
2 South Biscayne Boulevard, Suite 3180
Miami, Florida 33131
(305) 721-1600 (Telephone)
(305) 721-1601 (Facsimile)
abargil@ij.org

*Counsel for Plaintiff/Appellant*

*UPSIDE Foods, Inc. v. Commissioner of the FL Dept. of Agriculture and Consumer Services Wilton Simpson, et al.*, Record No. 24-13640-C

## AMENDED CERTIFICATE OF INTERESTED PERSONS

**Chief U.S. District Judge, U.S. District Court, Northern District of Florida, Tallahassee Division:**

 1.  The Honorable Mark E. Walker, Chief U.S. District Court

**Appellant:**

 1.  UPSIDE Foods, Inc.

**Appellant's Counsel:**

 2.  Bargil, Ari S.

 3.  Gedge, Samuel B.

 4.  Institute for Justice

 5.  Sen, Suranjan

 6.  Sherman, Paul

**Commissioner of the Florida Department of Agriculture and Consumer Services Appellee:**

 7.  Simpson, Wilton

**Appellee Wilton Simpson's Counsel:**

 8.  Banks, Ashlyn R.

 9.  Florida Department of Agriculture and Consumer Services

 10. Garner, Sean T.

\*   ~~Harle, Denise M.~~ – Appearance Withdrawn

*UPSIDE Foods, Inc. v. Commissioner of the FL Dept. of Agriculture and Consumer Services Wilton Simpson, et al.*, Record No. 24-13640-C

11. Nordby, Daniel E.

12. Polston, Ricky L.

13. Reardon, Kassandra S.

14. Shaw, Darby G.

15. Shutts & Bowen LLP

**State Attorney Appellees:**

16. Bain, Andrew A.

17. Bartlett, Bruce L.

18. Campbell, Jack

19. Rundle, Katherine Fernandez

**State Attorney Appellees' Counsel:**

\* ~~Bell, Daniel W.~~ – Appearance withdrawn.

\* ~~Costello, David M.~~ – Appearance withdrawn.

20. Florida Attorney General Office

21. ^ Hardy, Maryssa

22. ^ Muehlhoff, Jason

23. ^ Newhall, Timothy

\* ~~Moody, Ashley~~ – No longer Florida Attorney General

\* ~~O'Hickey, Bridget K.~~ – Appearance withdrawn.

*UPSIDE Foods, Inc. v. Commissioner of the FL Dept. of Agriculture and Consumer Services Wilton Simpson, et al.*, Record No. 24-13640-C

\*        ~~Stafford, III, William H~~. – Appearance withdrawn.

\*        ~~Swartz, Foster H~~. – Appearance withdrawn.

    24.  Uthmeier, James – Florida Attorney General

\*        ~~Whitaker, Henry C.~~ – Appearance withdrawn.

               \* = No longer an interested person on the case.

               ^ = Newly added interested person to the case.

*UPSIDE Foods, Inc. v. Commissioner of the FL Dept. of Agriculture and Consumer Services Wilton Simpson, et al.*, Record No. 24-13640-C

## CORPORATE DISCLOSURE STATEMENT

I hereby certify that Plaintiff/Appellant UPSIDE Foods, Inc., has no parent corporation, and no publicly held corporation <u>owns 10% or more of its stock</u>.

Dated October 17, 2025.

/s/ Paul M. Sherman
Counsel for Plaintiff/Appellant

# TABLE OF CONTENTS

**Page**

Amended Certificate of Interested Parties and Corporate Disclosure
Statement ................................................................................... C-1

TABLE OF CONTENTS ................................................................. i

TABLE OF CITATIONS ................................................................ ii

ARGUMENT ................................................................................ 1

CONCLUSION ............................................................................ 10

CERTIFICATE OF COMPLIANCE ............................................... 12

CERTIFICATE OF SERVICE ...................................................... 13

# TABLE OF CITATIONS

Page(s)

## Cases

*AcryliCon USA, LLC v. Silikal GmbH,*
   985 F.3d 1350 (11th Cir. 2021) ....................................................... 4

*\*Arc of California v. Douglas,*
   757 F.3d 975 (9th Cir. 2014) ................................................. 1, 3, 8, 9

*Baker v. Bray,*
   701 F.2d 119 (10th Cir. 1983) ...................................................... 9, 10

*Brown v. Yost,*
   122 F.4th 597 (6th Cir. 2024) ........................................................... 3

*Chafin v. Chafin,*
   568 U.S. 165 (2013) ...................................................................... 2, 6

*Djadju v. Vega,*
   32 F.4th 1102 (11th Cir. 2022) ...................................................... 7, 8

*\*Does 1-11 v. Bd. of Regents,*
   100 F.4th 1251 (10th Cir. 2024) ..................................................... 5, 9

*FBI v. Fikre,*
   601 U.S. 234 (2024) ........................................................................... 7

*Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.,*
   527 U.S. 308 (1999) ........................................................................... 4

*Harper v. Poway Unified School Dist.,* Suggestion of Mootness,
   No. 06-5952007 WL 4964330 (U.S. Sup. Ct. filed Feb. 13, 2007).... 5

*\*Harper ex rel. Harper v. Poway Unified Sch. Dist.,*
   549 U.S. 1262 (2007) .................................................................... 1, 5

*Patterson v. Miami Dade County*,
    791 F. App'x 877 (11th Cir. 2019) ....................................................5

*Satanic Temple, Inc. v. Texas Health & Hum. Serv. Comm'n*,
    79 F.4th 512 (5th Cir. 2023) ...........................................................4

*Schiavo ex rel. Schindler v. Schiavo*,
    403 F.3d 1223 (11th Cir. 2005) .......................................................4

*United States v. Alhindi*,
    97 F.4th 814 (11th Cir. 2024) ..........................................................2

**Statutes, Codes, Rules, and Bill**

28 U.S.C. § 1292 ..............................................................................9

28 U.S.C. § 1292(a)(1).............................................................. 2, 5, 6, 11

Fed. R. Civ. P. 54 ...........................................................................11

Fed. R. Civ. P. 54(b)..........................................................................7

S.B. 1084, § 50, 2024 Leg., Reg. Sess. (Fla. 2024) ................................1, 3

**Other Authorities**

16 Charles Alan Wright et al.,
    *Federal Practice & Procedure* § 3937 (3d ed.)...................................9

# ARGUMENT

This brief responds to the Court's October 8, 2025 order for supplemental briefing on the following question:

> Did UPSIDE's appeal of the order denying its request for a preliminary injunction become moot after the district court entered an order dismissing all of UPSIDE's preemption claims? *Cf. Harper ex rel. Harper v. Poway Unified Sch. Dist.*, 549 U.S. 1262 (2007) (mem.); *Arc of California v. Douglas*, 757 F.3d 975 (9th Cir. 2014).

The answer is: no, it didn't.

The Court's request for supplemental briefing and the cases cited in it suggest that this Court may be concerned about the doctrine of merger, under which a *final* judgment will moot a preliminary-injunction appeal. But that doctrine is inapplicable here. The district court's partial grant of the government's motions to dismiss resolved fewer than all of the claims. *See* Dist. Ct. Doc. 85, at 20–29 (denying motions to dismiss as to Dormant Commerce Clause count). There has been no final judgment. In the district court, litigation continues apace. *See* Dist. Ct. docket. And throughout, UPSIDE is continuing to suffer ongoing irreparable harm due to SB 1084.

A preliminary injunction thus would continue to have real-world benefits: It would abate the ongoing harm to UPSIDE while this case

proceeds to final judgment below. This Court has the power to hear this appeal.

1.    To start: the basics. This Court has the power to review a district court's denial of preliminary-injunctive relief under 28 U.S.C. § 1292(a)(1), which vests the courts of appeals with jurisdiction over appeals from interlocutory orders "refusing . . . injunctions."

Such interlocutory appeals can, of course, become moot. As with any appeal, for example, they may need to be dismissed "if an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (citation omitted); *see also United States v. Alhindi*, 97 F.4th 814, 820 (11th Cir. 2024) ("[A]n appeal becomes moot '*only* when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" (emphasis added)).

Circumstances in which it is *impossible* for a court to grant effectual relief typically arise where the moving party is no longer being injured. One classic example is when a preliminary-injunction appeal is pending and the statute being challenged is repealed or expires. In that instance, the appeal may well become moot because, with the law's

repeal, "there is nothing left to enjoin." *Arc of California v. Douglas*, 757 F.3d 975, 982 (9th Cir. 2014), *cited in* Order (Doc. 65). Another is when the request for injunctive relief pertains to a single event and the time for that event passes. *See, e.g.*, *Brown v. Yost*, 122 F.4th 597, 601 (6th Cir. 2024) (holding that preliminary injunction appeal was moot where plaintiff sought that relief solely as to the 2024 election, which passed while the appeal was pending). Although such a plaintiff may be entitled to damages for their injury, a post-hoc injunction would serve no purpose because it cannot prevent an injury that has already occurred.

Neither of those grounds applies here, of course. SB 1084 remains in effect, UPSIDE is suffering ongoing irreparable harm, and UPSIDE's preliminary injunction sought protection throughout the pendency of the district-court litigation, which remains ongoing.

The other major situation in which it becomes impossible for an appellate court to grant effectual relief to a party seeking a preliminary injunction is where proceedings in the trial court have totally concluded. This is the doctrine of "merger," which applies if the district-

3

court litigation culminates in final judgment resolving all of the claims by all of the parties while the appeal is pending.

The merger doctrine is rooted in the idea that preliminary injunctions, by design, are intended to protect against irreparable harm "during the pendency of trial court proceedings." *Satanic Temple, Inc. v. Texas Health & Hum. Serv. Comm'n*, 79 F.4th 512, 514 (5th Cir. 2023) (citation omitted); *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1231 (11th Cir. 2005). Thus, given that purpose, preliminary injunctions last only as long as the trial-court proceedings do—that is, until final judgment. *AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1360 n.25 (11th Cir. 2021) (noting that preliminary injunctions "dissolve[] when the Court enter[s] its final judgment").

That feature, in turn, has consequences for appellate review. Under the doctrine of merger, "[g]enerally, an appeal from the grant of a preliminary injunction becomes moot when the trial court enters a permanent injunction, because the former merges into the latter." *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 314 (1999). The same is true of appeals from orders denying

4

preliminary injunctions as well. *E.g.*, *Patterson v. Miami Dade County*, 791 F. App'x 877, 879 (11th Cir. 2019).

Importantly, however, the merger doctrine "applies only where there is a *final* judgment." *Does 1-11 v. Bd. of Regents*, 100 F.4th 1251, 1264 n.6 (10th Cir. 2024) (emphasis in original) (citation omitted). That was the situation in *Harper ex rel. Harper v. Poway Unified Sch. Dist.*, 549 U.S. 1262, 1262 (2007), cited in this Court's order. There, while plaintiffs were seeking review by the U.S. Supreme Court of the denial of a preliminary injunction, the district court resolved all of the claims for both of the plaintiffs and "entered final judgment." *Id.* Respondents notified the Supreme Court of this development and, in accordance with the doctrine of merger, the Supreme Court dismissed the petition for certiorari as moot. *See Harper v. Poway Unified School Dist.*, Suggestion of Mootness, No. 06-5952007 WL 4964330 (U.S. Sup. Ct. filed Feb. 13, 2007); *Harper ex rel. Harper*, 549 U.S. at 1262.

2.      These principles apply straightforwardly here and confirm that this appeal presents a live controversy. The district court denied UPSIDE's motion for a preliminary injunction in October of last year. Dist. Ct. Doc. 40. UPSIDE timely appealed that denial under Section

1292(a)(1). Dist. Ct. Doc. 46. Meanwhile, litigation in the district court is ongoing. Against this backdrop, a decision in this appeal reversing or vacating the decision below would absolutely amount to "effectual relief." *Chafin*, 568 U.S. at 172 (citation omitted).

As explained in Appellant's opening brief (Doc. 18 at 51, 58), UPSIDE asks that this Court hold that UPSIDE has shown a likelihood of success on the merits of its preemption claims and either order the district court to enter a preliminary injunction outright or direct that court to evaluate the remaining preliminary-injunction factors in the first instance. Either of those mandates would secure the company effectual relief: With litigation below still ongoing, entry of a preliminary injunction on remand would protect UPSIDE's rights for the remainder of the proceedings leading up to final judgment.

That the district court has since granted in part and denied in part the government's motions to dismiss does not change the analysis. To be sure, UPSIDE sought preliminary-injunctive relief on the strength of its preemption theories, and the district court has since dismissed the company's preemption counts. But the court did not dismiss the action as a whole. *See* Dist. Ct. Doc. 85. Thus, there has

been no final judgment. Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties . . . .").

That is dispositive of the question posed in this Court's October 8 order. Because district-court proceedings remain ongoing, the district court's ruling on UPSIDE's motion for preliminary injunction has not "merged" with anything. And the district court's motion-to-dismiss decision "may be revised at any time," Fed. R. Civ. P. 54(b), as it likely would be if this Court were to reject the district court's likelihood-of-success analysis.[1] This Court can be confident of its jurisdiction.

---

[1] The State Attorneys' supplemental brief purports to quote *Djadju v. Vega* for the proposition that this is a "purely speculative 'possibility'" that "is 'not enough to overcome mootness.'" State Attys' Supp. Br. at 5 n.2 (quoting 32 F.4th 1102, 1109 (11th Cir. 2022)). But while the quoted language appears in *Djadju*, it has nothing to do with the final judgment rule or the issues presented in this appeal. Rather, this Court in *Djadju* was discussing cases that had become entirely moot on the merits because the complained of actions had stopped: the noncitizen challenging his detention by ICE was released. To be sure, in that kind of situation, "[t]he remote possibility that an event might recur" may not be "enough to overcome mootness." 32 F.4th at 1109. *But cf. FBI v. Fikre*, 601 U.S. 234, 243 (2024) ("[I]t is the defendant's 'burden to establish' that it cannot reasonably be expected to resume *its* challenged conduct— . . . whether the challenged conduct might recur immediately or later at some more propitious moment"). But whatever its strength in

The Ninth Circuit decision cited in the Court's October 8 order—

*Arc of California v. Douglas*, 757 F.3d 975 (9th Cir. 2014)—drives home

the point. There, plaintiffs challenged three state laws that reduced

payments to certain Medicaid service providers, seeking relief under a

variety of statutes—chief among them, the Medicaid Act. *Id.* at 979. The

district court denied preliminary-injunctive relief. Simultaneously, the

court dismissed the plaintiffs' Medicaid Act counts, while "allowing [the]

remaining claims to move forward." *Id.* at 982. That partial dismissal,

however, did not impair the Ninth Circuit's power to entertain an

appeal from the preliminary-injunction denial. Rather, the court of

appeals exercised jurisdiction over the appeal, focused almost entirely

on the plaintiffs' "substantial likelihood of success on the merits of

[their] Medicaid Act claim," and vacated the district court's denial of the

preliminary injunction. *Id.* at 992; *see also id.* (noting elsewhere that

the district court's dismissal of the Medicaid Act counts "was not a final

decision").[2]

_____

cases like *Djadju*, that principle has no application here, where
UPSIDE is involved in live litigation and is continuing to suffer the
irreparable harm that forms the basis of its complaint.

[2] Having exercised jurisdiction of the preliminary-injunction denial

8

Nor is the Ninth Circuit an outlier in this regard. Just last year, for example, the Tenth Circuit emphasized that the merger rule "applies only where there is a *final* judgment." *Does 1-11 v. Bd. of Regents*, 100 F.4th 1251, 1264 n.6 (10th Cir. 2024) (emphasis in original) (citation omitted). On that basis, the court held that the appeal of a preliminary-injunction denial remained justiciable even for a plaintiff who had been dismissed entirely from a case involving multiple plaintiffs. As that court recognized, despite having been dismissed, the individual plaintiff "maintain[ed] a stake in the outcome of th[e] appeal" because "the district court ha[d] not entered any final judgment as to [her]." *Id.*[3]

---

under 28 U.S.C. § 1292, the Ninth Circuit in *Arc of California* then elected to exercise pendent jurisdiction over the district court's dismissal of the plaintiffs' Medicaid counts. Commissioner Simpson devotes much of his brief to disputing whether pendant appellate jurisdiction would be appropriate here. But whether or not the Ninth Circuit had exercised pendent appellate jurisdiction in *Arc of California*, it would (like the Court here) have maintained primary jurisdiction over the actual statutory basis for the appeal: the denial of the preliminary injunction. For *any* exercise of pendent appellate jurisdiction, after all, "[t]here must be an independently appealable order that establishes court of appeals jurisdiction." 16 Charles Alan Wright et al., *Federal Practice & Procedure* § 3937 (3d. ed.).

[3] The Tenth Circuit's 40-year-old ruling in *Baker v. Bray*, 701 F.2d 119 (10th Cir. 1983), does not provide compelling support for a different conclusion. In *Baker*, a third-party defendant sought and was granted a

The merger rule is even more clearly inapplicable here. The district court's partial grant of the government's motions to dismiss yielded no final judgment, and that order in no way impairs this Court's power to decide this appeal. If the district court enters final judgment while this appeal is pending, we will of course advise this Court promptly.

## CONCLUSION

The upshot of Defendants' newest bid for mootness is that a party suffering ongoing irreparable harm, that possesses an unambiguous statutory right to appeal the denial of a preliminary injunction seeking to protect it from that harm, can lose that right and be prevented from seeking redress for months or years while the remainder of its case is

---

preliminary injunction against a third-party plaintiff pertaining to the 1980 election only. The third-party plaintiff complied with the preliminary injunction, the 1980 election passed, and the third-party plaintiff's appeal of that injunction was therefore moot. *Id.* at 122. *Baker* was also procedurally unusual in that the appeal involved two separately numbered actions within the same district-court proceeding, one of which had been entirely dismissed, that were consolidated on appeal. Given the clear alternative grounds for mootness, the unusual procedural posture, and the fact that *Baker* is irreconcilable with recent Tenth Circuit precedent that more closely resembles this case, it has no persuasive value here.

litigated below. That argument has no basis in the text of § 1292(a)(1), in Federal Rule of Civil Procedure 54, or in precedent of this or any other court. This Court can and should resolve this appeal.

Dated: October 17, 2025.

Respectfully submitted,

INSTITUTE FOR JUSTICE

/s/ Paul M. Sherman
Paul M. Sherman (VA 73410)
Suranjan Sen (TN 038830)
Samuel B. Gedge (VA 80387)
901 North Glebe Road, Suite 900
Arlington, VA 22203-1854
(703) 682-9320 (Telephone)
(703) 682-9321 (Facsimile)
Email: psherman@ij.org; ssen@ij.org;
        sgedge@ij.org

Ari Bargil (FL 71454)
INSTITUTE FOR JUSTICE
2 South Biscayne Boulevard, Suite 3180
(305) 721-1600 (Telephone)
(305) 721-1601 (Facsimile)
Email: abargil@ij.org

*Counsel for Plaintiff/Appellant*

11

## CERTIFICATE OF COMPLIANCE

1.    This brief complies with the order of the Court because the brief contains <u>2,230</u> words.

2.    This brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

Dated October 17, 2025.

/s/ Paul M. Sherman
*Counsel for Plaintiff/Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2025, I caused the foregoing Supplemental Brief of Appellant to be filed electronically with the Clerk of Court using the CM/ECF system, which will send notice and provide service of such filing on all counsel of record.

/s/ Paul M. Sherman
*Counsel for Plaintiff/Appellant*